NUMBER 13-02-464-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI



 

 

RAMON ARAY@ ORTIZ,                                                          Appellant,

 

                                                   v.

 

IDA GARCIA-CORTEZ,                                                            Appellee.

 



 

                        On appeal from the 107th District Court

                                 of Cameron County, Texas.

 



 

                                   O P I N I O N

 

                  Before Justices Dorsey,
Hinojosa, and Rodriguez

                                  Opinion by
Justice Dorsey



 








This is an accelerated appeal from an election contest pursuant
to Texas Election Code section 232.014.  See
Tex. Elec. Code Ann. ' 232.014 (Vernon
1986).  Ida Garcia-Cortez and Ramon ARay@ Ortiz opposed each
other to be the Democratic candidate for Justice of the Peace, Precinct 6,
Cameron County, Texas.    After a run-off
election and a recount, Ortiz was declared the winner, having received two more
votes than Garcia-Cortez:  1,111 to  1,109.  Garcia-Cortez filed a contest to this
election result, alleging that the recount committee had improperly failed to
count three ballots that should have been counted because the voter=s intent could
be ascertained.  The parties stipulated
that these three ballots were the only ones at issue, and the only question was
whether they were legal votes that the canvassing committee had improperly
failed to count.  After trial to the
court, the court declared the election to be void, finding that the true
outcome of the run-off election could not be determined, and ordering another
election to be held.   We hold the trial
court erred in declaring the election void, and
reverse and render judgment in favor of Ortiz.

The function of the district court in an election contest is to
determine Awhether the
outcome of the election, as shown by the final canvass, is not the true outcome
because (1) illegal votes were counted; or (2) an election officer . . . (B)
failed to count legal votes; . . . .@ Tex. Elec. Code Ann. ' 221.003 (Vernon
1986).  This case involves the question of whether
the canvassing committee erred in failing to count the three votes that are
alleged to be legal votes.  If the three
ballots are legal votes for Garcia- Cortez and should have been counted, then
the outcome as declared by the canvassing committee is not the true outcome,
because the tally would make Garcia-Cortez the winner by one vote.  If the ballots are votes for Ortiz, the
result of the election remain the same, giving a larger margin to the declared
winner, Ortiz.  If the intent of the
voters cannot be ascertained from the ballots, the canvassing committee would
be correct in disregarding them and declaring Ortiz the winner by two votes.








The three ballots were admitted into evidence at the
trial.     The ballots at issue in this
case contained a box for each race which included the name of the race, both in
English and Spanish, and the names of the candidates running for that position.  To the left of each candidate=s name was an oval
space.  The following instructions were
contained at the top of the page:

INSTRUCTION
NOTE:

 

Vote for the
candidate of your choice in each race by darkening in the oval provided to the
left of the name of the candidate.

 

In
two of the contested ballots, a line was drawn through the name of Ida Garcia
Cortez and the oval space next to her name. 
The other contested ballot merely contained a mark in the margin to the
left of the names, outside the box containing the candidates
names, next to the line which reads, AJustice of the
Peace, Precinct No. 6.@  Appellant Ortiz testified at the hearing that
he had distributed sample ballots to aid in his election in which the oval
along side his name was marked with an arrow and the name of his opponent,
Cortez, was lined out.

The rule as to whether a ballot should be counted turns on
whether the intention of the voter to cast his vote for a particular candidate
can be determined.

Election code section 64.003 states:

A vote for a particular candidate whose name is on the ballot
must be indicated by placing an AX@ or other mark
that clearly shows the voter=s intent in the
square beside the name of the candidate for whom the voter desires to vote.

 








Tex. Elec. Code Ann. ' 64.003 (Vernon
1986).  In reference to a prior version of this
provision, one court of appeals noted, AIt is well
settled by statute and by case law that the failure of a voter to mark his
ballot in strict conformity with the election code does not invalidate the
ballot, and that the ballot shall be counted in all races in which the
intention of the voter is clearly ascertainable.@  Mitchell
v. Jones, 361 S.W.2d 224, 233 (Tex. Civ. App.CTexarkana 1962,
no writ.) (citing Duncan v. Willis, 157 Tex. 316, 302 S.W.2d
627 (1957)).  However, where the
intention cannot be ascertained, the court should not count the vote in favor
of one party or another.  Guerra v.
Garza, 865 S.W.2d 573, 576 (Tex. App.CCorpus Christi
1993, writ dism=d w.o.j.).

It is impossible to divine the intent of the three voters using
these contested ballots, and the canvassing committee acted properly in
disregarding them.  They cannot be
counted for either candidate.  We hold
the trial court erred in voiding the election on grounds that it was unable to
ascertain the intention of the voters with regard to these particular ballots.

The judgment is Reversed and Rendered that Ramon ARay@ Ortiz be
declared the nominee of the Democratic Party for Justice of the Peace, Precinct
6, Cameron County, Texas.

 

______________________________

J.
BONNER DORSEY,

Justice

 

Do not
publish.

Tex.
R. App. P. 47.3(b).

 

Opinion delivered and
filed

this 27th day of
September, 2002.